MILK PRODUCTS, S.A., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, AUGUSTO PALMER, JUDGE, Respondent.

No. C-64-18.     Decided June 8, 1964.

*R. Elfrén Bernier* and *Miguel Marcos Contreras* for petitioner. *Manuel Torres Reyes* and *Alma Delgado de Torres,* counsel for plaintiff in original suit.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: On September 30, 1963 and in the Superior Court, Bayamón Part, Mario Soriano filed an action which he entitled "Injunction and Damages" against Kresto-Denia, Inc. The following October 8, defendant was summoned. On the 30th of said month of October, Kresto-Denia, Inc., appeared and answered the complaint. In a motion dated the subsequent November 1st plaintiff requested and obtained from the trial court leave to amend the complaint for the only purpose of substituting defendant's party Kresto-Denia, Inc., for Milk Products, S.A. On said date it filed an amended petition under the same title of "Injunction and Damages" stating among other things the following:

"3. That plaintiff is owner in fee simple of the following property:

'Lot and residence house on No. 26 W Street, Santa Mónica Development in Bayamón, P.R.'

"4. That since the end of April 1963 plaintiff's lot started to flood with waste oil coming from a tank owned by defendant, from which a current of waste oil descended. As a consequence thereof the lawn of the lot was damaged, the carport could not be used, he had to abandon the bedrooms and the sidewalks were impassable because they were slippery. All the walls of the house were soiled and the paint was damaged. Furthermore, the oil emanations caused a toxic concentration which has affected plaintiff and his family.

"Plaintiff and his family were forced to abandon the house for a time because the gush and currents of oil on the surroundings made the house uninhabitable and unhealthy.

"5. That plaintiff's property has decreased in value the depreciation being considerable and the appearance of the property is horrible and the loss is great and irreparable.

"6. That plaintiff lacks any other remedy at law so effective, speedy and adequate as the proceeding of injunction.

"7. That the damages suffered by plaintiff are due solely and exclusively to the negligence of defendant.

"8. That plaintiff has suffered morally with this situation because his daughter, a few months old, became sick and they had to vacate their home, all of which caused worry, uneasiness and nervousness and a state of anxiety in plaintiff's family and himself.

"9. That plaintiff estimates reasonably that he has suffered damages for $5,000 to the property.

"10. That plaintiff estimates reasonably that he has suffered moral damages for $10,000."

The prayer of said petition reads:

"Wherefore, plaintiff respectfully requests of this Court the following remedies:

"1. The issuance of a preliminary injunction against defendant to abstain from permitting the flow of oil and the current coming from the tanks.

"2. That defendant be ordered to pay damages for the sum of $15,000.

"3. That costs and attorney's fees for the amount of $3,000 be imposed on defendant."

On November 13 the new defendant party, Milk Products, S.A., was summoned, also in Bayamón. On December 4, 1963, Milk Products, S.A., requested the dismissal of the amended complaint on the following grounds:

"1. The complaint does not adduce facts constituting a cause of action.

"2. The complaint is an injunction proceeding which has not been duly verified as required by Rule 57.2."

On March 11, 1964 said motion to dismiss was set aside, and defendant Milk Products, S.A., was granted a term of 10 days to answer the complaint. To review said order, at the request of Milk Products, S.A., we issued a Certiorari on April 1, 1964.

Petitioner maintains on appeal that the trial court committed error in failing to dismiss the petition "of preliminary injunction because it was not verified as required by law." In his writing entitled Memorandum, intervener Mario Soriano states his position in this petition as follows:

"As sole error defendant Milk Products, S.A. alleges that the Superior Court of Puerto Rico, Bayamón Part, erred in failing to dismiss a petition for preliminary injunction which has not been verified as required by law. In the first place it was not a preliminary injunction but a petition of injunction attached to a complaint for damages.

"     .     .     .     .     .     .     .

"The injunction in this case has not been prosecuted because defendant suspended all its actions during the time elapsed in the place where the facts which gave rise to the petition for injunction occurred. The injunction is now academic, but what is alive and active is the complaint for damages which need not be verified neither are the provisions of Rule 57.2 applicable.

"For the reasons stated, we understand that the Superior Court, Bayamón Part, did not commit error at law in setting aside the motion to dismiss and in granting defendant an extension to answer."

■ The trial court acted correctly in setting aside the motion to dismiss on the ground that the complaint was not verified. Rule 9. Rule No. 57.2 governs the issuance of temporary restraining orders *without notice to the adverse party*. If the amended petition is carefully analyzed only one conclusion may be reached and that is that it merely contains a claim for alleged damages to plaintiff's property and for "moral damages and sufferings," which plaintiff considers are compensable or recoverable with the sum of $15,000, and that said damages were caused by events, negligent acts or conduct of defendant which occurred between the months of April and September 1963. In said amended petition it is not stated that such actions, events or conduct persist or continue, nor the threats of repetition or continuation. What is merely alleged is its occurrence and the consequent damages.

■ Although the prayer of the complaint asks for "a writ of preliminary injunction in order that defendant abstain from permitting the flow of oil and the current flowing from the tanks," without, as we have said, stating facts to support

the need of preventing said actions or events by means of a provisional or preliminary injunction, said request in the prayer does not render the claim of damages insufficient. Rules 50 and 70.

As stated by the intervener herein, plaintiff in the original suit: "The injunction—if ever filed—in this case was not pursued because defendant discontinued its actions . . . is now academic, but what still is alive and active is the complaint for damages which need not be verified nor are the provisions of Rule 57.2 applicable to it."

The writ issued will be set aside and the aforementioned order of the Superior Court, Bayamón Part, of March 11, 1964 will be affirmed.